UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIAMOND WILLIAMS,

           Plaintiff,           Case Number 24-13195

v.           Honorable David M. Lawson

MASTRONARDI PRODUCE-USA, INC.,

           Defendant.

_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS AND DISMISSING CASE WITH PREJUDICE

The question presented by the present motion is whether a judgment of dismissal entered against a plaintiff in favor of one company will bar a subsequent lawsuit by the same plaintiff raising nearly identical claims against a separate but related company. Plaintiff Diamond Williams filed an employment discrimination and retaliation lawsuit alleging that she was employed by a Canadian company known as Mastronardi Produce Limited. All the pertinent records indicated that she actually was employed by its American subsidiary, Mastronardi Produce-USA, Inc., the defendant in the present action. She was given multiple opportunities in the prior lawsuit to amend her complaint to name the proper defendant, which she failed to do despite being presented with the evidence identifying her actual employer. Summary judgment was granted against her in the prior lawsuit, and Williams immediately commenced this one. Mastronardi-USA now moves to dismiss, arguing that the judgment in the earlier action precludes the present case under the doctrine known as *res judicata*. The facts in the present complaint and the records from the prior lawsuit (which the Court may consider on a motion to dismiss) identify the close relationship between the two Mastronardi entities and establish that they are in "privity" with one another within the meaning of the claim preclusion doctrine. The judgment in the prior action bars the

present one, and therefore the plaintiff's complaint does not state a claim for which relief can be granted. The motion to dismiss will be granted and the case dismissed.

I.

This dispute centers on plaintiff Williams's allegations that she suffered discrimination and retaliation because of her race and gender while employed at a produce warehouse operated by the Mastronardi-USA company in Livonia, Michigan. The complaint alleges several incidents of disgusting and offensive behavior by some of the defendant's supervisory personal, but those facts are not directly relevant to the legal issues presented here. Instead, the question presented by the motion focuses on the relationship between the parties and the plaintiff's claims in this lawsuit and the earlier lawsuit she filed in this district. Because the matter before the Court is a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the factual materials available to the Court are limited. The following recitation is drawn from the complaint in this case and the record of proceedings in the other matter.

In December of 2023, Williams filed suit against "Mastronardi Produce, Ltd., d/b/a Sunset Foods," a Canadian entity, which will be referred to as Mastronardi Canada. The matter was assigned to the Honorable Sean F. Cox. *Williams v. Mastronardi Produce Ltd.*, No. 23-13302 (E.D. Mich.) ("2023 Case"). According to the complaint in that case, the company did business at 28700 Plymouth Road in Livonia, Michigan and had its North American corporate headquarters in East Kingsville, Ontario. Prior Compl., ¶ 2. The six-count complaint pleaded violations of 42 U.S.C. § 1981 based on intentional racial discrimination (Count I), violations of Michigan's Elliott-Larsen Civil Rights Act for unlawful race discrimination (Counts II and VI), unlawful retaliation based on gender (Count III), unlawful retaliation based on race (Count IV), and unlawful racial and gender harassment (Count V).

Judge Cox set out a comprehensive history of the proceedings in that lawsuit in his opinion granting summary judgment to the defendant in that case. *See Williams v. Mastronardi Produce, Ltd.*, No. 23-13302, 2024 WL 4932716, at *1-4 (E.D. Mich. Dec. 2, 2024) (the 2023 Case). This history is recited for context. Relevant here is that the identity of the plaintiff's employer had been contested since at least March 8, 2024, when Mastronardi Canada filed a motion to dismiss or compel arbitration in the prior lawsuit. In its motion, the defendant averred that the plaintiff had sued the wrong corporate entity and that she actually was employed by its United States subsidiary, which will be referred to as Mastronardi-USA. *See* 2023 Case, ECF No. 7. When the parties appeared before the Court for a hearing on that motion, Judge Cox asked the plaintiff about the defendant's assertion. Her attorney stated that he viewed Mastronardi Canada as the appropriate defendant, but when Judge Cox asked if he needed to amend the complaint, he said that he would "obviously, add that in" if the Court found that the two entities were joint employers. *Williams*, 2024 WL 4932716, at *1. Judge Cox responded that he would not "tell [the plaintiff] what to do." *Ibid.* Defense counsel also spoke up to indicate that the plaintiff's sister, who also worked at the defendant's warehouse and was represented by the same law firm in a separate case, also had initially pleaded claims against Mastronardi Canada but had stipulated to substitute Mastronardi Produce-USA as the defendant.

The plaintiff did not move to amend her complaint after the hearing. On August 22, 2024, Judge Cox issued an opinion denying the defendant's motion to compel arbitration but made no ruling on whether the plaintiff had sued the correct entity. *See Williams v. Mastronardi Produce, Ltd.*, No. 23-13302, 2024 WL 3908718, at *7 (E.D. Mich. Aug. 22, 2024). Mastronardi Canada then filed its answer to the complaint to which it attached a declaration of Krista Shaw, its senior

director of human resources. Shaw asserted that Mastronardi Canada and Mastronardi-USA are separate entities, and that the plaintiff was not an employee of Mastronardi Canada.

Mastronardi Canada then moved for judgment on the pleadings. 2023 Case, ECF No. 14. In her response to the motion, the plaintiff argued that the complaint could support the conclusion that Mastronardi Canada was her employer but asked in the alternative that the court permit her to amend her complaint to substitute the proper defendant. 2023 Case, ECF No. 16. This prompted Judge Cox to issue an order on October 8, 2024 stating that if the plaintiff wished to file an amended complaint, she needed to obtain the defendant's consent or file a proper motion for leave of Court. 2023 Case, ECF No. 19. Three days later, the plaintiff filed a motion seeking "Leave to File Amended Complaint in Alternative Response to Defendant's Second Motion to Dismiss." 2023 Case, ECF No. 20.

In a November 8, 2024 order, Judge Cox denied the plaintiff's motion. He found that the plaintiff's request was framed as a "conditional motion," which is disfavored by the Sixth Circuit and which is not a procedure recognized by the Federal Rules. *See Williams v. Mastronardi Produce, Ltd.*, No. 23-13302, 2024 WL 4729466, at *4 (E.D. Mich. Nov. 8, 2024). Judge Cox cited *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776 (6th Cir. 2000), where the court of appeals affirmed the district court's denial of a similar motion, holding that the "[p]laintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Id.* at 784. Judge Cox also found that the plaintiff had failed to seek concurrence from the defendant as required by E.D. Mich. LR 7.1(a), and that the proposed amended complaint would be futile because she still alleged that the defendant was a Canadian corporation and included factual allegations about an entity named "Sunset" not mentioned in the case caption. *Williams*, 2024 WL 4729466, at *4. However, Judge

Cox stated that he was "not prohibiting Plaintiff from filing a proper motion seeking leave to amend." *Id.* at *5 n.2. Judge Cox also announced that he would convert the defendant's pending motion for judgment on the pleadings into a motion for summary judgment and permit the parties to furnish supplemental materials. *Id.* at *5-6; *see also* Fed. R. Civ. P. 12(d).

The plaintiff did not take Judge Cox's cue and file a proper motion for leave to amend her complaint. Instead, she filed a supplemental brief arguing that Mastronardi Canada "blurs the line when it comes to its dealings with employees." 2023 Case, ECF No. 26, PageID.371. Her evidence consisted of two deposition excerpts taken from other cases in this district, where Mastronardi employees testified that they did not know the identity of the legal entity that employed them. Mastronardi Canada submitted the plaintiff's W-2s, tax statements, and paystubs, all identifying her employer as "Mastronardi Produce-USA, Inc." It also submitted a supplemental declaration from Shaw stating that none of the individuals identified in the complaint as the bad actors were Mastronardi Canada employees.

On December 2, 2024, Judge Cox issued an opinion holding that Mastronardi Canada was entitled to summary judgment and dismissing the plaintiff's claims with prejudice. *See Williams v. Mastronardi Produce, Ltd.*, No. 23-13302, 2024 WL 4932716, at *6 (E.D. Mich. Dec. 2, 2024). He reasoned that 1) the evidence demonstrated conclusively that Mastronardi Canada was not the plaintiff's employer, 2) the complaint did not plead a joint-employer theory of liability, and 3) any attempt to pierce the corporate veil based on Mastronardi Canada's ownership of Mastronardi-USA would fail on the record presented. The Court entered judgment in favor of Mastronardi Canada. 2023 Case, ECF No. 29. The plaintiff did not appeal.

A few hours before Judge Cox issued his opinion, Williams filed the complaint in this case naming Mastronardi Produce-USA, Inc. as the sole defendant. The complaint specifies that the

defendant "is a subsidiary of Mastronardi Produce, Ltd., a Canadian entity," and that it "is a joint employer with Mastronardi Produce, Ltd." Compl. ¶ 2. The factual allegations in the complaint otherwise are nearly identical to the complaint filed in the earlier case, although the complaint in this case also includes a claim for "Hostile Workplace Environment" in violation of ELCRA (Count VII). Compl. ¶¶ 149-59.

On February 19, 2025, Mastronardi-USA moved to dismiss the present action based on the doctrine of *res judicata*, also known as claim preclusion. The plaintiff responded and the Court heard oral argument on June 18, 2025.

II.

The defendant invokes Federal Rule of Civil Procedure 12(b)(6). To survive the motion, the plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When deciding a motion under Rule 12(b)(6), the Court looks only to the pleadings, *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008), the documents attached to them, *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)), documents referenced in the pleadings that are "integral to the claims," *id.* at 335-36, documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), and matters of public record, *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010).

However, before a court considers documents "integral to the claims" and that are referenced in the complaint, "it must also be clear that there exist no material disputed issues of fact regarding the relevance of the documents." *Diei v. Boyd*, 116 F.4th 637, 644 (6th Cir. 2024) (*Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 797 (6th Cir. 2012)). "[C]ourts may take judicial notice of facts in a public record that 'are not subject to reasonable dispute' — such as the court's ultimate resolution of a prior case." *Blackwell v. Nocerini*, 123 F.4th 479, 487-88 (6th Cir. 2024); *see also Prod. Sols. Int'l, Inc. v. Aldez Containers, LLC,* 46 F.4th 454, 457 (6th Cir. 2022) ("While the question of whether to grant a Rule 12(b)(6) motion to dismiss is typically confined to the pleadings, we may take judicial notice of other court proceedings without converting the motion into one for summary judgment."). However, beyond those materials, assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

The defendant insists that the summary judgment of dismissal in the 2023 case precludes the present action, since the allegations in the two cases are nearly identical, the earlier dismissal was an adjudication on the merits, and Mastronardi Canada and Mastronardi-USA are related closely enough to be in privity with one another. The defendant emphasizes that Mastronardi Canada offered to stipulate to substitute Mastronardi-USA as the proper defendant in the prior case and the court offered the plaintiff several chances to amend her complaint, but she never took advantage of that opportunity.

Williams responds that the dismissal of her claims in the prior case was not a final judgment on the merits because the issue in that case was merely a "procedural" matter about the identity of the proper defendant and the court did not reach the substance of her claims. She also argues that *res judicata* cannot apply because Mastronardi Canada and Mastronardi-USA are not in privity

solely by virtue of their parent-subsidiary relationship. She points out that the premise of Mastronardi Canada's argument for dismissal in the prior case was that Mastronardi-USA was the correct defendant, so their interests could not have been aligned. She also says that she could not have brought her claims against Mastronardi-USA in the prior action because it was not a named defendant, and she did not have a full and fair opportunity to litigate her claims because the Court did not reach a decision on the merits.

The doctrine of *res judicata* embraces two separate concepts — claim preclusion and issue preclusion. Both are intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 840 (6th Cir. 1997) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)). "Claim preclusion, or true res judicata, refers to [the] effect of a prior judgment in foreclosing a subsequent claim that has never been litigated, because of a determination that it should have been advanced in an earlier action. Issue preclusion, [or collateral estoppel,] on the other hand, refers to the foreclosure of an issue previously litigated." *Mitchell v. Chapman*, 343 F.3d 811, 819 n. 5 (6th Cir. 2003).

Only claim preclusion is in play here. That doctrine bars a subsequent action "if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (emphasis omitted). Williams contends that the first three elements are lacking here.

The plaintiff's briefs cite several Michigan cases interpreting the state's law of claim preclusion, but these are of limited utility. "The preclusive effect of a federal-court judgment is

determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-08 (2001)).

A. Final Decision

Williams contends that the "final judgment" element of the claim preclusion defense has not been satisfied because Judge Cox never discussed the substance of her discrimination and retaliation claims. She believes that the summary judgment was not an adjudication of her lawsuit's merits because it focused on a "procedural" matter confined to the identity of her employer. That argument betrays a misunderstanding of the nature of the adjudication in the earlier case.

A district court's decision to grant summary judgment for a defendant is a final judgment on the merits. *Stemler v. Florence*, 350 F.3d 578, 587 (6th Cir. 2003) ("A summary judgment order is a decision on the merits."); *Helfrich v. Metal Container Corp.*, 11 F. App'x 574, 576 (6th Cir. 2001). The plaintiff's confusion is somewhat understandable; the court did not explicitly address the issues that she likely considers central to her case, which is the discrimination and retaliation she alleges that she experienced. But the court effectively decided those issues when it held that Mastronardi Canada was not the plaintiff's employer. That constitutes a final decision on the merits. *Cf. Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981) (holding that summary judgment based on the statute of limitations is a final judgment on the merits for purposes of *res judicata*).

B. Identity of the Parties Defendants: Privity

The heart of the issue raised by the defendant's motion is whether Mastronardi Canada is so closely identified with Mastronardi-USA as to be considered functionally the same party, that is, in "privity" for the purpose of the claim preclusion defense. That is because the "basic premise" of this defense "is that parties to a prior action are bound and nonparties are not bound." *See*

- 9 -

Edward H. Cooper, 18 A Fed. Prac. & Proc. § 4449 Parties Bound — Basic Principles (3d ed.). A well-recognized exception to this requirement (there are more, *see Taylor*, 553 U.S. at 894-95 (grouping the exceptions into six categories)) is that a person is bound by a prior judgment when it is said to be in "privity" with one of the parties to the prior litigation. *Bittinger*, 123 F.3d at 880.

The Sixth Circuit has recognized that "'[p]rivity' is an ambiguous term, a shorthand designation for those persons who have a sufficiently close relationship with the record parties to be bound by the judgment." *Vulcan Inc., v. Fordees Corp.*, 658 F.2d 1106, 1109 (6th Cir. 1981) (internal quotation and citation omitted). Some courts have referred to "traditional privity" when discussing the concept as it applies to claim preclusion. *Elbert v. Carter*, 903 F.3d 779, 783 (8th Cir. 2018). From that perspective, "traditional privity" is generally thought to be a term that defines "[t]he connection or relationship between two parties, each having a legally recognized interest in the same subject matter," such as through a contract, a line of descent (heir and ancestor), land titles, and so forth. *See* PRIVITY, Black's Law Dictionary (12th ed. 2024). But "[f]ederal courts are no longer bound by rigid definitions of the parties or their privies for purposes of applying res judicata or collateral estoppel." *Vulcan*, 658 F.2d at 1111; *see also Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 798 (1996) (recognizing that "the term 'privity' is now used to describe various relationships between litigants that would not have come within the traditional definition of that term") (citing Restatement (Second) of Judgments, ch. 4 (1980) (Parties and Other Persons Affected by Judgments)).

Although "[t]he Sixth Circuit has not definitively identified those circumstances where a non-party to an initial suit can invoke claim preclusion as a defense in a later action," *Ranir, LLC v. Dentek Oral Care, Inc.*, No. 09-1056, 2010 WL 3222513, at *5 (W.D. Mich. Aug. 16, 2010), other courts dealing with similar claims in successive lawsuits examine the "close or significant

- 10 -

relationship" between successive defendants. *See, e.g.*, *Airframe Systems, Inc. v. Raytheon Co.*, 601 F.3d 9, 17 (1st Cir. 2010) (applying the "close and significant relationship" test); *Mars Inc. v. Nippon Conlux Kabushiki–Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995).

That is particularly relevant in the context of the present case. The typical application of the claim preclusion rule seeks to impose a prior adverse judgment on a new plaintiff who was not a party to the prior action. *E.g.*, *Ludwig v. Twp. of Van Buren*, 682 F.3d 457 (6th Cir. 2012). This case is different: defendant Mastronardi-USA, which admittedly was *not* a party to the earlier action, seeks the benefit of Mastronardi Canada's judgment *against* the identical plaintiff. But that does not render the claim preclusion defense any less applicable if there is "privity." *See Mars*, 58 F.3d at 618-19 ("The principles of claim preclusion, however, are not limited to cases involving identical parties. It is well settled, for example, that claim preclusion may be invoked by and against those in privity with parties."); *see also Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 395 (6th Cir. 2002) (stating that "many federal circuits have left behind the traditional mutuality requirement for some defensive uses of claim preclusion" and that "under certain circumstances, a defendant in a subsequent action can take advantage of the claim-preclusive effect of a prior judgment involving the same plaintiff and different defendants"). In fact, some courts have recognized that "a lesser degree of privity is required for a new defendant to benefit from claim preclusion." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) (citing *Bruszewski v. United States,* 181 F.2d 419 (3d Cir. 1950)); *see also Dunlap v. Cottman Transmissions Sys., LLC*, 689 F. App'x 188, 189 (4th Cir. 2017) ("The definition of privity is especially broad when, as here, res judicata is invoked against a plaintiff who has repeatedly asserted essentially the same claims against different defendants."); *Airframe Systems, Inc.*, 601 F.3d at 17 ("We . . . have long held that claim preclusion applies if the new defendant is closely

related to a defendant from the original action — who was not named in the previous law suit, not merely when the two defendants are in [traditional] privity." (cleaned up)).

Under that rubric, defensive, non-mutual claim preclusion applies against a "plaintiff who has previously asserted essentially the same claim against different defendants where there is 'a close or significant relationship' between successive defendants." *Ranir*, 2010 WL 3222513, at *5 (citing *Airframe Systems*, 601 F.3d at 17, *Mars, Inc.*, 58 F.3d at 619, and *Lubrizol Corp.*, 929 F.2d at 966). Prudence, however, suggests conditioning a rule permitting nonmutual claim preclusion to situations where "the new party can show good reasons why he should have been joined in the first action and the old party cannot show any good reasons to justify a second chance." Edward H. Cooper, 18A Fed. Prac. & Proc. § 4464.1 Mutuality Abandoned—Claim Preclusion (3d ed.); *see also Elbert*, 903 F.3d at 783-84 (adopting that rule); *Platsis v. E.F. Hutton & Co.*, 946 F.2d 38, 42 (6th Cir. 1991).

Mastronardi-USA contends that the parent-subsidiary relationship between it and Mastronardi Canada is all that we need to know, because courts frequently recognize that parent corporations and their subsidiaries are in privity with one another. *E.g.*, *In re Imperial Corp. of Am.*, 92 F.3d 1503, 1507 (9th Cir. 1996) (collecting cases); *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 223 F.R.D. 566, 618 (D. Kan. 2004); *Greenberg v. Potomac Health Sys., Inc.*, 869 F. Supp. 328, 331 (E.D. Pa. 1994); *see also Pittman v. Scholastic Corp.*, No. 24-1407, 2024 WL 2747802, at *3 (S.D.N.Y. May 22, 2024)). The plaintiff criticizes that argument as too superficial, and with good reason. Many of the decisions cited by the defendant recognizing that privity exists between parent and subsidiary entities do not feature deep analysis about *why* those entities are in privity and under what circumstances such a finding is appropriate. *Cf. Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986) ("Although parent and

subsidiary corporations have been held to be in privity with each other in some circumstances, most of these cases addressed the question whether a parent corporation is bound or protected by litigation conducted by its subsidiary."). Wright and Miller caution that "[t]he parent-subsidiary relationship does not of itself establish privity" but that preclusion may be appropriate "if the parent controlled [the] litigation against a subsidiary, or brought or defended an action for the benefit of a subsidiary." Edward H. Cooper, 18A Fed. Prac. & Proc. Juris. § 4460 Commercial Relationships (3d ed.); *see also In re Regions Morgan Keegan Sec., Derivative & Erisa Litig.*, 166 F. Supp. 3d 948, 963-64 (W.D. Tenn. 2014).

The Sixth Circuit has recognized a parent-subsidiary relationship as among those relationships where two entities share a sufficient commonality of interest to stand in privity, but it has not specified whether the order they are sued matters or whether more is required than the existence of the relationship itself. *See Living Care Alternatives of Kirkersville, Inc. v. United States*, 247 F. App'x 687, 698 (6th Cir. 2007) (citing *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 193 F.3d 415, 423 (6th Cir. 1999)). However, the Supreme Court has explained that privity requires some indication that the non-party "assume[d] control over the litigation in which that judgment was rendered" or was "adequately represented by someone with the same interests who [wa]s a party to the suit." *Taylor*, 553 U.S. at 894-95 (internal quotations omitted).

The record here does not support the proposition that Mastronardi-USA, the subsidiary, assumed control of the prior litigation against its parent. The question of the identity of interests between the two also presents some complications for the defendant, although they are not insurmountable. Williams points to the tension between Mastronardi Canada's position in the prior litigation that seeking summary judgment on the ground that Mastronardi-USA was the proper defendant and the general principle that entities in privity must share common interests.

The former argument essentially endeavors to shift liability to the subsidiary and absolve the parent of liability. But that maneuver could come with certain advantages. Notably, the value of a wholly owned subsidiary to its parent comes from the value of the membership interest, not from the equity value obtainable from its balance sheet. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003) ("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary; and, it follows with even greater force, the parent does not own or have legal title to the subsidiaries of the subsidiary."). For a corporate parent, a judgment against a corporate subsidiary is not necessarily equivalent in exposure to the same judgment entered against it. Nevertheless, the two entities shared the common goal of ensuring that the correct employer was identified. In addition, the two Mastronardi entities share the same attorneys who are directing the litigation strategy. Also worth mentioning is the fact that the plaintiff's complaint identifies the defendant in this action as a joint employer with the defendant in the previous action, suggesting some additional level of common interest. Compl. ¶ 2.

The better approach is reflected by the several courts that have adopted the broader theory of a non-mutual defensive claim preclusion set out in cases like *Airframe Systems*, which places less of an emphasis on traditional privity. *See* 601 F.3d at 17 ("Under our precedents, privity is a sufficient but not a necessary condition for a new defendant to invoke a claim preclusion defense."); *see also Elbert*, 903 F.3d at 783 (rejecting the proposition that the Supreme Court's decision in *Taylor v. Sturgell* stands in tension with this broader theory because "[t]he question [] is not whether [the plaintiff] is entitled to the time-honored tradition of his own day in court, but whether he gets a second bite at the apple.") (cleaned up). Applying the *Airframe Systems* test here supports the defendant's position that the plaintiff's claims are barred.

First, for the reasons discussed earlier, the entities share a "close and significant relationship." *Airframe Systems*, 601 F.3d at 17; *see also Lubrizol*, 929 F.2d at 966 (holding that a corporate subsidiary could benefit from a prior judgment in favor of the parent corporation because they shared a close and significant relationship). In fact, the plaintiff as much as concedes that point when she alleges that the two entities are joint employers. Compl. ¶ 2.

Second, Mastronardi-USA amply has demonstrated that it should have been joined in the prior litigation. *Id.* at 18. And Williams has not shown "any good reasons to justify a second chance." *Ibid.* Most notably, the plaintiff repeatedly asserted in the prior litigation that the two entities were her joint employers, just as she asserts here. This occurred even after Mastronardi Canada provided persuasive evidence to the plaintiff that Mastronardi-USA was her employer.

The plaintiff fails to offer a reasonable explanation for her failure to include Mastronardi-USA in the prior litigation. She maintains that she had the right to "obtain a ruling from the Court" on the identity of the correct defendant and that the defendant should have stipulated to substitute the correct defendant after the Court issued its ruling on the summary judgment motion. ECF No. 7, PageID.204. The logic of these arguments is elusive. Certainly, she could obtain a ruling on the identity of the correct defendant, but when confronted with substantial evidence that Mastronardi-USA was her actual employer, including W-2s and paystubs showing it as the employing entity, it was not reasonable for her to persist in her belief that she was employed by the Canadian entity without, at a minimum, seeking to bring Mastronardi-USA into the case. She suggests that she litigated her case on the theory that the two entities were her joint employer, but this argument only accentuates the oddity of her failure to add Mastronardi-USA as a defendant. *Cf. Mars*, 58 F.3d at 620 ("[A] plaintiff who chooses to bring two separate actions against two tortfeasors who are jointly responsible for the same injury runs the risk that the court will find the

parties sufficiently related that the second action is barred by claim preclusion."). Moreover, Judge Cox found that the original complaint included no facts that the entities were joint employers. *See Williams v. Mastronardi Produce, Ltd.*, No. 23-13302, 2024 WL 4932716, at *6 (E.D. Mich. Dec. 2, 2024) ("Plaintiff's complaint does not allege that Mastronardi Canada and Mastronardi[-]USA are joint employers, and her complaint does not include factual allegations regarding the relevant factors that could support a joint-employer theory of liability."). And the deposition testimony she submitted to buttress her claim, at most, established at most that certain employees were uncertain about the identity of their employer, not that the two entities are joint employers.

Williams also maintains that "she was not permitted to amend her prior Complaint." ECF No. 7, PageID.206. That is not a fair characterization of the record of the prior proceedings. During the July 25, 2024 hearing on Mastronardi Canada's motion to compel arbitration or dismiss, Judge Cox asked whether the plaintiff needed to amend her complaint in light of the defendant's assertion that she had sued the wrong entity. *Williams*, 2024 WL 4932716, at *1. When she equivocated, essentially deferring to the Court, Judge Cox informed her that he would not direct her litigation strategy. *Ibid.* Then, when the plaintiff's brief in response to the defendant's motion for judgment on the pleadings included a request that she be permitted an opportunity to amend the complaint in the event the Court was inclined to grant the motion, Judge Cox issued an order explaining that the plaintiff must obtain the defendant's consent or leave of court if she wished to amend her complaint. *Id.* at *3. The plaintiff did then file a motion to amend her complaint, which Judge Cox denied, but his order suggests that the denial was for procedural reasons and because the plaintiff's proposed amended complaint contained inconsistent references to the entity that the plaintiff intended to name as the defendant. *Williams*, 2024 WL 4729466, at

\*5.  But Judge Cox stated explicitly that he was "not prohibiting Plaintiff from filing a proper motion seeking leave to amend." *Id.* at \*5 n.2.  She never filed such a motion.  The record documents at least three occasions where Judge Cox reminded the plaintiff that she could seek leave to amend her complaint.  It is specious for her to suggest that the court in any way hindered her in doing so.  To the extent the plaintiff argues that she should have been afforded an opportunity to amend her complaint *after* Judge Cox ruled on the defendant's motion for judgment on the pleadings, she is incorrect.  The judgment closed the case.  If she wished to amend her complaint after that point, she was required to demonstrate that she merited relief under Civil Rules 59 or 60, in addition to Rule 15.  *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).  In any event, she never filed a motion to amend the complaint after the judgment.

She also accuses the defendant in the prior action of refusing to stipulate to amend the complaint to reflect the correct defendant, but again this is not the whole story.  As Judge Cox recognized in his prior opinion, Mastronardi Canada sent an email on August 23, 2024 offering to substitute Mastronardi-USA as a defendant.  *Williams*, 2024 WL 4932716, at \*2.  The plaintiff apparently declined because of her position that "she is proceeding against the correct Defendant." Emails, 2023 Case, ECF No. 14-2, PageID.195.  Regardless, a stipulation is only one path to amend a complaint; as noted above, the plaintiff could have filed a motion for leave to amend under Rule 15(a)(2), which the Court was required to allow "freely."  Fed. R. Civ. P. 15(a)(2).  Williams offers no good reason for failing to include Mastronardi-USA in the earlier litigation.

Third, Williams has not convincingly demonstrated that "good reasons" justify a second bite at the apple.  *Airframe Sys., Inc.*, 601 F.3d at 18.  Certainly, the allegations of mistreatment set out in the plaintiff's complaint are troubling.  But she has not identified any factors that explain

her course of conduct in the earlier litigation or that otherwise would justify a second chance, when she had every opportunity to bring her case against her actual employer in the first action.

The privity element of the claim preclusion defense is satisfied on this record.

### C. The Claims Presented Here Could Have Been Litigated in the Prior Action

The plaintiff argues that because she did not name Mastronardi-USA in the prior action, she could not have litigated her claims against as it as a non-party in that case. She cites *Richards v. Jefferson County, Alabama*, 517 U.S. 793 (1996), in support of her argument. That case dealt with the typical application of the claim preclusion rule, that is, where a defendant sought to plead a former judgment in bar of a claim by a plaintiff who was not a party to a prior action. *Id.* at 795. The Court held that enforcing the claim preclusion rule against the new plaintiffs would violate due process because they never had notice of the prior action, and therefore never had an opportunity to present their claims and be heard. *Id.* at 799-801. That case provides no help to Williams, who was in ultimate control of both lawsuits and could have named whomever she wanted as defendants.

"[C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action — even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). "Suits involve the same claim (or 'cause of action') when they aris[e] from the same transaction or involve a common nucleus of operative fact." *Ibid.* (citations omitted). Since Mastronardi-USA is in privity with Mastronardi Canada, under the broad definition of that term as it applied in contemporary jurisprudence, it does not matter that it was not formally named as a defendant in the earlier case. Here, all of the plaintiff's claims in this litigation arise from the same general mistreatment alleged in the plaintiff's initial case, and she asserts that the entities were joint employers. She could have raised the issues in the prior litigation and in fact did attempt to raise the joint employer issue previously.

D.  Identity of the Causes of Action

The final element of claim preclusion asks whether the two actions share an identity in the causes of action.  It is not necessary for the claims in the two cases be identical, only that there is an "identity of the facts creating the right of action and of the evidence necessary to sustain each action.'" *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) (quoting *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)).  "The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring 'claims arising from the same transaction.'" *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 316 (2011) (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 482, n. 22 (1982)).

The plaintiff argues that she did not have a full and fair opportunity to litigate her claims in the prior case because it was dismissed on procedural grounds and did not result in a final decision on the merits.  But that is beside the point when considering this element of the defense. The allegations in the complaints of the two lawsuits are nearly identical, with the exception of the identity of the employer.  Although the present lawsuit includes an additional ELCRA claim based on the allegedly hostile work environment, the complaint does not add any new facts to support this claim.

As discussed above, the prior judgment was a final judgment on the merits, and these arguments do not respond to the clear reality that the allegations in both complaints focus on the same mistreatment that the plaintiff alleged she experienced while employed at the defendant's warehouse.  This fourth element of the claim preclusion defense has been satisfied.

III.

The record does not explain why plaintiff's counsel did not take the obvious step in the earlier action of accepting the defendant's offer to substitute the proper employer as the defendant or filing a proper motion to amend the complaint, and for that reason the conduct of plaintiff's counsel is perplexing. For a plaintiff unsure of the legal identity of her employer, a prudent course would be to accept defense counsel's offer to substitute the correct entity or, if paralyzed by suspicion, to name all possible entities as defendants and sort the issue out in discovery. Yet the plaintiff chose neither course, and for nearly a year, refused to accept reality, even after she was presented with compelling evidence that she was employed by Mastronardi-USA (the defendant in this lawsuit) and instructed by the court how to move properly for leave to amend her complaint. Instead, she filed a new lawsuit raising the same claims against a related entity, rendering her case vulnerable to the claim preclusion defense, which, as observed earlier, is intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). All the elements of that defense are satisfied on this record. The prior judgment, therefore, bars the present claims.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss (ECF No. 6) is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  July 31, 2025